THE STATE, EX REL. FLEETWOOD, *v.* BOARD OF EDUCATION OF
HAMILTON CITY SCHOOL DISTRICT ET AL.

[Cite as State, ex rel. Fleetwood, v. Bd. of Edn.,
20 Ohio App. 2d 154.]

(No. 1332—Decided April 24, 1969.)

*Mr. Ronald C. Morgan,* for relator.
*Mr. E. Hjalmar Persson,* for respondents.

*Per Curiam.* This is an action originating in this court in which the relator seeks a writ of mandamus requiring respondents to readmit his son to the public schools of Hamilton.

The stipulations of fact are:

1. That relator is and was at all times herein mentioned a resident, citizen and taxpayer of the city of Hamilton, Butler County, Ohio.

2. That relator is and was at all times herein mentioned residing at 160 Beckett Avenue, Hamilton, Ohio, which address is within the Hamilton City School District which is within the jurisdiction of and under the control of the Hamilton Board of Education.

3. That until February 12, 1969, the relator's son, David Fleetwood, was a junior in attendance at Garfield Senior High School which is within the Hamilton City School District.

4. That on February 12, 1969, the relator's son was suspended from school by Demery Smith, Principal, for ten days and subsequently was readmitted to classes on February 26, 1969.

5. That on February 26, 1969, after having been readmitted to school, the relator's son was expelled for the current semester by letter dated February 26, 1969, and signed by Dr. L. L. Dickey, Superintendent of Schools.

6. That both the suspension of February 12, 1969, and the expulsion of February 26, 1969, were disciplinary acts based upon the same incident.

7. That neither notice of the suspension of February 12, 1969, nor the expulsion of February 26, 1969, was sent to the Clerk of the Board of Education, Herman Bates, within the 24-hour period prescribed by Section 3313.66, Revised Code.

8. That notice of the suspension of February 12, 1969, and the expulsion of February 26, 1969, were sent by letter to the relator at his residence but none was sent to the clerk of the board. On March 4, 1969, a notice of expulsion was sent to both the relator and the clerk of the board.

9. That the respondents have refused and continue to refuse to readmit the relator's son, David Fleetwood, to classes at Garfield Senior High School.

10. A hearing was set for March 4, 1969, and all parties were present and represented by counsel and issues of

procedure were discussed and the board directed counsel to agree upon procedure and set a date for a hearing on the merits.

11. On March 15, 1969, such a hearing was held and the board sustained the expulsion, but authorized the relator's son to enroll in night and summer school sessions without cost.

12. At this hearing the relator's counsel informed the board that the relator's son had been disciplined twice for the same offense and further that the clerk of the board has not been notified of the expulsion within the 24-hour period prescribed by Section 3313.66, Revised Code.

Section 3313.66, Revised Code, provides:

"The superintendent of schools of a city or exempted village, the executive head of a local school district, or the principal of a public school may suspend a pupil from school for not more than ten days. Such superintendent or executive head may expel a pupil from school. Such superintendent, executive head, or principal shall within twenty-four hours after the time of expulsion or suspension, notify the parent or guardian of the child, and the clerk of the board of education in writing of such expulsion or suspension including the reasons therefor. The pupil or the parent, or guardian, or custodian of a pupil so expelled may appeal such action to the board of education at any meeting of the board and shall be permitted to be heard against the expulsion. At the request of the pupil, or his parent, guardian, custodian, or attorney, the board may hold the hearing in executive session but may act upon the expulsion only at a public meeting. The board may, by a majority vote of its full membership, reinstate such pupil. No pupil shall be suspended or expelled from any school beyond the current semester."

Basically, relator contends that failure to comply with the "mandatory" provision of Section 3313.66 requiring notice to the clerk of the board of education within twenty-four hours nullifies the expulsion.

Apparently there are no cases directly in point upon the question. Consequently, we must consider the statute

involved, its reason and object, to determine whether its provisions are mandatory and whether the relator was prejudiced by the failure to notify the clerk within twenty-four hours of the expulsion.

Beyond question, the purpose of the requirement of the Code that the superintendent of schools of a city notify the parent or guardian of an expelled child of the expulsion within twenty-four hours, giving the reasons therefor, is to give opportunity immediately to appeal the action and thereby preserve all rights such child has to an education in a public school.

However, the purpose of the requirement of notice by the superintendent to the clerk lacks clarity.

The duties and responsibilities of a clerk of a board of education are discussed in Ohio Jurisprudence, 2d, Volume 48, Schools, Section 92, page 804, 806. There it is said that

"* * * in addition to his duties as treasurer of the school district, the clerk has duties both of a clerical and a ministerial nature, and he is both the ministerial officer and the bookkeeper of the board. He has charge of the records and accounts of the board and is assigned various duties with regard to the meetings and proceedings of the board and the records thereof. He is presumed to know the provisions of the Code governing the actions of the board.''

In the light of such definition of duties, it cannot be said that failure to notify the clerk of a board of education of an expulsion of a child would prejudice such child. No legal right would thereby be invaded. The absolute right of appeal to the board would remain unimpaired, a right which the pupil or parent could exercise at any meeting of the board. The clerk of the board could do nothing to influence or affect such right to appeal nor participate in the disposition thereof.

In *State, ex rel. Myers,* v. *Board of Education,* 95 Ohio St. 367, the Supreme Court said in paragraph one of the syllabus:

"The literal meaning of the words 'may' and 'shall'

is not always conclusive in the construction of statutes in which they are employed; and one should be regarded as having the meaning of the other when that is required to give effect to other language found in the statute, or to carry out the purpose of the Legislature as it may appear from a general view of the statute under consideration.''

Therefore, we conclude that the delay beyond twenty-four hours in notifying the clerk of the expulsion of relator's son did not affect any fundamental right of relator or the child, the language of Section 3313.66, Revised Code, being interpreted as directory and not mandatory and as relating to an administrative matter.

Relator also contends that his son's ''constitutional rights'' were violated in that the child is being punished twice for the same offense.

On February 12, 1969, the school principal rendered a report of suspension of relator's son, giving as reason therefor, ''insubordination and challenging of a teacher.'' Under date of February 14, 1969, the principal addressed a letter of advice to relator setting forth the term of the suspension and giving the date (February 26, 1969) on which the child would be eligible for readmission to school. It is unquestioned that the principal had authority to suspend the pupil for the period established.

The issue, then, becomes: did the superintendent have the right to expel the pupil for the same reason arising from the same conduct warranting the prior suspension from school?

Relator bottoms his argument on this issue on the constitutional guarantee established by Section 10, Article I of the Constitution of Ohio.

''No person shall be twice put in jeopardy for the same offense.''

No authority need be cited to support the conclusion that the doctrine of former jeopardy is limited to criminal cases. Since the matter before us is civil in nature, the constitutional provision does not pertain.

The Legislature has entrusted, by statute, the entire management and supervision of the schools to boards of

education and has given them virtually unlimited powers with regard to school matters and policy. *Stinson* v. *Board of Education*, 17 Ohio App. 437; 48 Ohio Jurisprudence 2d 781, Section 81.

Section 3313.66, Revised Code, gives authority to *suspend* a pupil to the superintendent of schools of a city, the executive head of a local school district, or the principal of a school. Authority to *expel*, by the same section, is given only to the superintendent or executive head.

The authority to discipline is reposed in the hands of those immediately and remotely in control of a pupil. Conduct warranting suspension from school might be such as not to demand the more drastic act of expulsion. On the other hand, the action of a principal in suspending a pupil might be taken in the light of given conduct to preserve tranquility within the system by removing forthwith the offending member, thereby affording the superior authority (the superintendent) an opportunity to review the offense and expel the pupil in the event his conduct merits such discipline.

Obviously, the Legislature by dividing and limiting the authority intended that both could act upon the same offensive conduct of a pupil but wisely, in our opinion, restricted the power to expel by giving it to the executive officer of the board of education, to wit, the superintendent of schools in this instance.

Relator has resorted to mandamus to accomplish a judicial review of the propriety of the action of the board sustaining the expulsion. However, in *State, ex rel. Van Harlingen* v. *Board of Education*, 104 Ohio St. 360, the court said, in the first paragraph of the syllabus:

"Mandamus is a writ commanding a public board or official to perform an act which the law specially enjoins as a duty resulting from an office, trust or station, and will issue only when it is clearly shown that there is a plain dereliction of such duty."

Further, the court, at page 363 in the opinion restated its declaration in *Brannon* v. *Board of Education*, 99 Ohio St. 369, that:

"A court has no authority to control the discretion vested in a board of education by the statutes of this state, or to substitute its judgment for the judgment of such board, upon any question it is authorized by law to determine.

"A court will not restrain a board of education from carrying into effect its determination of any question within its discretion, except for an abuse of discretion or for fraud or collusion on the part of such board in the exercise of its statutory authority."

Therefore, this court failing to find any clear legal right of the relator to have respondents compelled to readmit his son to the public schools of Hamilton, Ohio, a writ of mandamus is denied.

*Writ denied.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.