**Rohrbaugh v. Elida Bd. of Educ.**
*[Cite as 7 AOA 89]*

*Case No. 1-89-19*

*Allen County, (3rd)*
*Decided September 28, 1990*

Gregory B. Scott and Shelly L. Hansen, Squire, Sandsers & Dempsey, 155 East Broad Street, Columbus, Ohio 43215, for Appellant.

Frank B. Cory, Attorney at Law, 607 Savings Building, P.O. Box 1176, Lima, Ohio 45802, for Appellees.

SHAW, P.J.

This is an administrative appeal by the Elida Local Board of Education, from a judgment of the Allen County Court of Common Pleas, reversing a decision of the Board to suspend two Elida High School students for being under the influence of alcohol, a violation of the Elida Student, Guidelines to Reasonable Conduct.

The facts giving rise to this appeal are not in dispute. On November 4, 1988, during the interim between the end of the regular school day, and their subsequent attendance in the evening as band members at an Elida-Van Wert football game, five Elida High School students consumed alcohol at a private residence. After the bus trip to the football game, a male chaperon informed the school principal that some students may have been drinking prior to joining the band that day. The assistant principal questioned the five students and they admitted to having consumed alcoholic beverages.

The principal suspended the students, for violating Rule 13 of the "Student Guidelines to Reasonable Conduct." Rule 13 states, in pertinent part, that "[a] student shall not possess, use, transmit, conceal, or be under the influence of *** alcoholic beverages *** while under the jurisdiction of Elida Local Schools."

Four of the students appealed their suspension to the Elida Local Board of Education. Following a hearing in the matter, the Board affirmed the decision of the principal. Three of

the students then appealed the Board's decision to the Allen County Court of Common Pleas.

The court of common pleas found that the evidence did not support a finding that the students had violated Rule 13. Specifically, the court concluded that there was a lack of evidence establishing that "alcohol had any *influence* upon the conduct of the \*\*\* girls." Thus, the court reversed the decision of the Board.

The Elida Local Board of Education now appeals the judgment of the court of common pleas with respect to its application to two of the students. The Board assigns two errors to the judgment. The first assignment is as follows:

I. "The lower court erred when it substituted its interpretation of a valid Ohio public school board policy for the school board's interpretation."

Title 33 of the Ohio Revised Code vests the Ohio Boards of Education with power and discretion to manage their schools and regulate the conduct of their pupils. See R.C. 3313.20 and 3313.47. The courts, in deciding administrative appeals with regard to decisions of the boards of education, must defer to the discretionary judgments they have made. *Greco v. Roper* (1945), 145 Ohio St. 243.

Accordingly, a court has no authority to replace the board's construction of its rules with its own and thereby, determine that the board unreasonably interpreted its own rules. *Brannon v. Bd. of Edn.* (1919), 99 Ohio St. 369, paragraph two of the syllabus. The United States Supreme Court has also found such action by the courts to be erroneous. See *Wood v. Strickland* (1975), 420 U.S. 308 and *Board of Educ. of Rogers, Ark. v. McCluskey* (1982), 458 U.S. 966. Nevertheless, a court may restrain the action of a board of education if the action amounts to an abuse of discretion. *Brannon, supra,* paragraph three of the syllabus.

In the instant case, the Elida Board of Education undoubtedly was authorized to promulgate Rule 13 of the "Student Guidelines to Reasonable Conduct." See R.C. 3313.661. Thus, according to the authorities cited above, the sole question presented under this assignment is whether the Board's construction and interpretation of "under the influence" amounted to an abuse of discretion. Simply put, the issue is whether the Board's ability to control the use of alcoholic beverages by students under its jurisdiction is limited by the requirement that students display some outward manifestation of alcohol consumption before being subject to Board disciplinary rules.

In the case of *In re Appeal of Suspension of Huffer from Circleville High School* (1989), 47 Ohio St. 3d 12, the Supreme Court of Ohio construed a school policy, similar to Rule 13, which prohibited its students from being under the influence of alcohol. However, unlike Rule 13 in the case before us, Policy No. 622 in *Huffer, supra* defined "under the influence" to require the manifestation of certain physical signs of consumption.

Despite the requirement of certain manifestations of alcohol use in the school policy in *Huffer, supra,* the Supreme Court clearly interpreted Policy No. 622 to preclude mere consumption followed by attendance at a school function.

"\*\*\* Policy No. 622 does not purport to give the school board or administrators the authority to suspend students for consuming alcohol. *School officials are \*\*\* authorized to suspend a student when the student consumes an alcoholic beverage and then attends school or extracurricular activities.*" (Emphasis added.) *Id.* at 17-18.

As indicated at the hearing before the board, the clear purpose of Rule 13 is to prohibit student alcohol consumption contemporaneous with attendance at school or extracurricular events. In keeping with this purpose, Rule 13 places no limitation upon the degree of influence required. In short, the rule is not directed against the degree of influence any alcohol consumption may have upon a student's behavior, but instead, against the very fact of any alcohol use by that student in conjunction with attendance at school or its events.

Thus, we believe that, in accordance with the Board's legitimate interest in disassociating itself from alcohol consumption by students within its jurisdiction, the Board could properly interpret "under the influence" to include the mere ingestion of alcohol. The Board need not depend upon degree of influence, nor upon any particular condition of the consumer in order to protect its interests. (See *Roush v. Bd. of Edn.* (Dec. ___, 1986) Lake C.P. No. 83-CIV-080, unreported for a similar interpretation of "under the influence.")

Any contrary interpretation of Rule 13 would place the Board in the precarious position of being unable to exert its authority until a student either became disruptive or exhibited impaired ability that could be potentially injuri-

ous to himself or others within the jurisdiction of the school. The Court in *Buffer, supra* at 15 clearly recognized the undesirability of such a result:

"[I]f a school board cannot establish a rule to stop the use of drugs and alcohol among its students absent the students' becoming disruptive, then the school administrators will be helpless to enforce and maintain discipline in our schools. Such a restriction would simply be unreasortable."

Moreover, the interpretation of Rule 13 which was adopted by the court of common pleas, and which is now urged by the students on appeal to this court, would place an undue evidentiary burden on the Board to establish, on a case-by-case basis, the normal "un-influenced" behavior of any particular student prior to any readily apparent manifestation of impaired ability.

For the reasons stated, we find that the Board's interpretation of Rule 3 did not amount to an abuse of discretion. Thus the judgment of the court of common pleas was an improper substitution of its interpretation of Rule 13 for that of the Board. Accordingly, the first assignment of error is well taken.

The Board's second assignment of error is as follows:

II. "The lower court erred in ruling that the decision of the Elida Board of Education to suspend students for attending a school activity after the students admittedly consumed alcohol was not supported by reliable, probative and substantive evidence."

The record establishes that the Board's decision to suspend the two students was based solely on the students' own admissions of having consumed alcohol prior to boarding the school bus as members of the school band bound for the football game. Moreover, the record also establishes that at the time of taking the initial disciplinary action, the principal and vice-principal of the school understood "under the influence" to include mere ingestion of alcohol, regardless of the amount of alcohol consumed. This is apparently the construction and interpretation of Rule 13 adopted by the Board.

Thus, pursuant to our previous finding, under the first assignment of error, that such an interpretation of Rule 13 did not amount to an abuse of discretion by the Board, we now conclude that the trial court's determination that the school board's determination was not supported by reliable, probative and substantial evidence is itself not supported by reliable, probative and substantial evidence, because the finding of the school board that its students drank alcoholic beverages immediately before attending a school function is, as a matter of law, sufficient evidence of the quality and quantum required to show a violation of Rule 13. Accordingly, the second assignment of error is well taken.

For the reasons stated, the judgment of the Court of Common Pleas of Allen County is reversed and remanded to that court for entry of judgment consistent with this opinion.

*Judgment reversed.*

BRYANT and MILLER, J.J., concur.