JOHNSON, Appellee,

v.

NORTH UNION LOCAL SCHOOL DISTRICT
BOARD OF EDUCATION, Appellant.

[Cite as *Johnson v. N. Union Local School Dist.
Bd. of Edn.* (2001), 141 Ohio App.3d 354.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–2000–35.

Decided March 2, 2001.

*Cloppert, Portman, Sauter, Latanick & Foley* and *William J. Steele,* for appellee.

*Bricker & Eckler* and *Sue W. Yount,* for appellant North Union Local School District Board of Education.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.,* and *Kimball H. Carey,* urging reversal for *amicus curiae* Ohio School Boards Association.

SHAW, Judge.

The North Union Local School District Board of Education appeals the August 24, 2000 judgment of the Union County Court of Common Pleas, which granted declaratory relief and held that the board abused its discretion by forbidding plaintiff-appellee Robert Johnson from utilizing his accrued vacation leave during the school year.

Appellee Robert Johnson is a bus mechanic who has been employed by the North Union Local School District since 1989. For several years, Johnson has routinely requested to utilize portions of his vacation time in November, during deer hunting season, and these requests were generally granted. However, approximately four years ago the North Union School Board, acting through the school superintendent, began denying Johnson's vacation requests, stating that he should "schedule for other than school time or for fewer days." On one occasion, Johnson submitted a request four months in advance for seventeen nonconsecu-

tive days off between November 10, 1999 and January 3, 2000. The superintendent approved only three of the days, noting that "[t]he others are on dates that school is in session."

In denying Johnson's vacation requests, the superintendent relied upon the North Union School District written policy governing "Support Staff Vacations and Holidays," which reads:

"The Superintendent will give final approval of vacation schedules for the nonteaching staff. *It will be [her] responsibility to see that vacations are scheduled so that the least interference with the operation of the schools results.*" (Emphasis added).

On October 27, 1999, Johnson filed an action in the Union County Court of Common Pleas and requested a declaration that he was entitled to vacation time under R.C. 3319.084, and a further declaration that by interpreting its vacation policy to deny his requests to take vacation during the school year appellant had violated that statute. The board of education filed a motion to dismiss pursuant to Civ.R. 12(B)(6), and the trial court granted the motion. That judgment was appealed to this court, and we reversed. See *Johnson v. N. Union Local School Dist. Bd. of Edn.* (May 26, 2000), Union App. No. 14–2000–07, unreported, 2000 WL 681644. We noted that Johnson had "essentially requested the trial court to interpret R.C. 3319.084 so as to declare that the vacation entitlement is not limited to the summer months. Instead, the trial court issued a general statement of dismissal without providing any explanation of the statute." *Id.* at * 2. We held that in an action for declaratory relief, a dismissal prior to addressing the merits is generally improper and remanded the case "with instructions to render a declaratory judgment pursuant to law." *Id.*

Upon remand, the trial court heard testimony from the school district superintendent, the school district's transportation supervisor, and Johnson. On August 24, 2000, the trial court issued a written decision containing findings of fact and conclusions of law, and granted Johnson's requested declaratory relief.

"[The] evidence adduced that Plaintiff [Robert Johnson] performs as a bus mechanic doing minor repairs; that major repairs are performed by contracted providers; that it is not convenient to the Defendant [School District] for Plaintiff to take his vacation during the school year and it is not convenient for the Defendant for Plaintiff to take his vacation during the summer or during school vacations; that another school employee has been used to substitute for Plaintiff during Plaintiff's vacations and absences, [therefore] the Court finds that Defendant's administration of the announced policy as set forth in the 'Support Staff Vacations and Holidays' constitutes an abuse of discretion as applied to the problem of when to allow vacations to Plaintiff." Judgment Entry at * 2.

The trial court also noted that the superintendent's testimony that no one in the district was qualified to temporarily perform Johnson's duties was not credible, "just as it finds the testimony that no-one has been training as a bus mechanic was not credible, particularly when other uncontroverted evidence was introduced that in two of the last three years another school employee had been sent to the same training at the same time [Johnson] was sent for mechanic's schooling." *Id.* at * 3.

The board of education now appeals and asserts two assignments of error with the trial court's judgment:

"The Union County Court of Common Pleas erred as a matter of law when it determined that the application of the vacation policy of the North Union Local School District violated Revised Code Section 3319.084.

"The Union County Court of Common Pleas erred when it determined that the Superintendent abused her discretion in the implementation of the North Union Local School District vacation policy."

■ As the school board's two assigned errors raise similar issues, we will address them together. Both the board and *amicus curiae* Ohio School Boards Association argue that the trial court erred as a matter of law by holding that R.C. 3319.084 grants Johnson an unfettered right to decide when to utilize his accrued vacation time. The statute reads:

"In all school districts each full-time non-teaching school employee including full-time hourly-rate and per diem employees, after service of one year with a board of education, shall be entitled, during each year thereafter, while continuing in the employ of such board of education, to vacation leave with full pay for a minimum of two calendar weeks, excluding legal holidays. Employees continuing in the employ of such board of education for ten or more years of service shall be entitled to vacation leave with full pay for a minimum of three calendar weeks, excluding legal holidays. Employees continuing in the employ of such board of education for twenty or more years of service shall be entitled to vacation leave with full pay for a minimum of four calendar weeks, excluding legal holidays." R.C. 3319.084.

We agree with both the board and the *amicus curiae* that by its plain language, the statute deals primarily with the accrual of vacation time and does not grant Johnson an unfettered right to utilize such accrued time as he wishes. However, we do not believe that such a right was either requested by Johnson or declared by the trial court's decision. Rather, the trial court held that the board's policy was an abuse of discretion and violated R.C. 3319.084 as that policy was applied to Johnson.

In essence, the trial court held that the board of education had acted in an arbitrary way by summarily denying Johnson's requests for time off on days that school was in session. See Judgment Entry at *2, citing *State ex rel. Humphrey v. Adkins* (1969), 18 Ohio App.2d 101, 47 O.O.2d 173, 247 N.E.2d 330 and *State ex rel. Fleetwood v. Hamilton City Sch. Dist. Bd. of Edn.* (1969), 20 Ohio App.2d 154, 49 O.O.2d 191, 252 N.E.2d 318. Moreover, the trial court found as a factual matter that "it is [also] not convenient for the [School Board] for [Johnson] to take his vacation *during the summer or during school vacations.*" (Emphasis added.) Judgment Entry at * 2. Based upon these findings, the trial court concluded that application of the policy resulted in Johnson's not being able to utilize his statutorily accrued vacation time, and therefore violated R.C. 3319.084.

This court has previously summarized the law relating to discretionary decisions of school boards as follows:

"Title 33 of the Ohio Revised Code vests Ohio boards of education with the power and discretion to manage their schools and regulate the conduct of their pupils. * * * The courts, in deciding administrative appeals with regard to decisions of the boards of education, must defer to the discretionary judgments they have made. * * *

"Accordingly, a court has no authority to replace the board's construction of its rules with its own and, thereby, determine that the board unreasonably interpreted its own rules. * * * The United States Supreme Court has also found such action by the courts to be erroneous. * * * Nevertheless, a court may restrain the action of a board of education if the action amounts to an abuse of discretion." *Rohrbaugh v. Elida Local Bd. of Edn.* (1990), 63 Ohio App.3d 685, 687–688, 579 N.E.2d 782, 783.

In *Rohrbaugh*, we held that a school board's interpretation of its own rule regarding student consumption of alcohol was permissible and therefore reversed a trial court's holding that the rule to be an abuse of discretion. Here, by contrast, we believe that the trial court has correctly interpreted R.C. 3319.084 to hold that while the statute does create a right to accrue vacation time, it is the defendant who retains discretion to schedule the use of that time.

However, the trial court also held that in this case, the school board applied its own rules in such a way as to deny Johnson the use of his vacation time and that this application constituted an abuse of discretion. Cf. *Rohrbaugh*, 63 Ohio App.3d at 688, 579 N.E.2d at 783–784. In determining whether the school board abused its discretion, it was necessary for the trial court to receive evidence and resolve questions of credibility. However, this court's review is different and more limited because a court of appeals may not determine the weight to be given the evidence. See *Rossford Exempted Village*

*School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, 1241. "[A]n appellate court should not substitute its judgment for that of the trial court when there exists, as in this case, competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." *Seasons Coal Co., Inc. v. City of Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411, 461 N.E.2d 1273, 1276. When reviewed under the foregoing standard, we cannot say that the trial court's judgment is so completely unsupported and erroneous that it must be reversed. While another court might have resolved the factual and legal questions differently, the trial court's judgment that the application of the school board's policy to Johnson was an abuse of discretion is supported by some evidence in the record and does not evince the perversity of will, passion, prejudice, partiality, or moral delinquency that would otherwise constitute an abuse of the trial court's discretion. Cf. *Rossford*, 63 Ohio St.3d at 707, 590 N.E.2d at 1241. See, also, Reply Brief of Appellant at * 3 (arguing that the trial court's judgment was an abuse of discretion). Accordingly, the school board's two assigned errors are overruled and the judgment of the Common Pleas Court of Union County is affirmed.

*Judgment affirmed.*

WALTERS, P.J., and THOMAS F. BRYANT, J., concur.