[Cite as *Beaver v. Licking Valley Local School Dist. Bd. of Edn.*, 2015-Ohio-4557.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| HAYDEN BEAVER | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Appellant-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 15-CA-22 |
| LICKING VALLEY LOCAL SCHOOL | : | |
| DISTRICT BOARD OF EDUCATION | : | |
| | : | O P I N I O N |
| Appellee-Appellee | | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Licking County Court of Common Pleas, Case No. 14CV00825 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 30, 2015 |

APPEARANCES:

| | |
|---|---|
| For Appellee | For Appellant |
| JENNIFER FLINT | DAVID STOKES |
| 100 South Third Street | 33 West Main Street, Ste. 102 |
| Columbus, OH 43215 | Newark, OH 43055 |

*Gwin, P.J.*

{¶1} Appellant Hayden Beaver appeals the March 9, 2015 judgment entry of the Licking County Court of Common Pleas affirming the decision of appellee Licking Valley Local School District Board of Education ("Board").

*Facts & Procedural History*

{¶2} Appellant was at Saturday School on May 31, 2014 as a result of excessive absences. While students typically do schoolwork during Saturday School, on May 31 the teacher had the students go outside to clean up. Half of the students, including appellant, were at the back of the building, and the doors to the school automatically locked. The teacher observed appellant sitting on a bench. Appellant told her he was going to leave and not clean up. The teacher brought in the half of the students at the front of the school. Appellant began beating on the front door, yelling, and calling the teacher a "fucking bitch." The teacher alleged that appellant told her, "I'll get you," but appellant denied telling her this. The teacher initially did not let appellant back into the school due to his uncontrollable anger, but let him in after he calmed down. Appellant called his custodian, grandfather Kenny Young, who came to pick him up.

{¶3} On June 2, 2014, Assistant Principal Shane Adkins ("Adkins") met with appellant and provided him with a written notice of intended suspension. The notice stated that the reason for the intended suspension was "repeated insubordination," appellant "pounded the door window and called the teacher a fucking bitch," and appellant "has 19 disciplinary offenses this year." Also on June 2, 2014, Adkins sent written notice to Kenny Young of appellant's suspension for ten (10) school days,

beginning June 2, 2014. No end date for the suspension was given, as it was noted that appellant was being recommended for expulsion.

{¶4} On June 3, 2014, Superintendent David Hile ("Hile") provided written notice that appellant had been recommended for expulsion. Hile listed the reasons for the request for expulsion as follows: repeated insubordination, Hayden refused to help clean up the outside of the building at Saturday School, Hayden punched/pounded the door window and called the teacher a "fucking bitch," and Hayden has 19 disciplinary offenses this year. The notice of intended expulsion provided that a hearing on the intended expulsion was scheduled for June 9, 2014. The notice stated that, "should the date not be satisfactory, or you wish an extension of time to consider a hearing, please call my office * * * and I'll arrange for another time at your convenience." The notice was to the attention of Kenny Young and was mailed to the residence of both appellant and his guardians.

{¶5} On June 9, 2014, a hearing was held on the intended expulsion. Appellant, his attorney, appellant's guardians, Hile, and Adkins appeared at the hearing. Adkins testified that the recommended expulsion was due to cumulative problems with appellant, including repeated insubordination and disrespect. Adkins detailed an incident in April when Adkins thought he might recommend expulsion where appellant scribbled on the floor with a pen. When the teacher brought out cleaning supplies, appellant responded with something to the effect of "I'm not fucking cleaning that up; I'll pay somebody to do it," then took money out and threw it on the floor. Appellant admitted to Adkins that he told the teacher he was "not fucking cleaning it." Appellant

was suspended for ten (10) days after the incident. Adkins thought about recommending expulsion, but hoped things might have gotten better.

{¶6} Adkins further stated that the May 31st incident was not the only reason for the requested expulsion, and he requested the expulsion due to the cumulative effect of the continued insubordination and disrespect. Prior to May 31, appellant had nineteen (19) other disciplinary offenses. Adkins testified that many of the events were considered serious insubordination offenses. Further, that appellant was not remorseful and did not take responsibility for his misconduct. Adkins testified that this lack of acknowledgement and remorse played a part in the decision to recommend expulsion. Adkins again described the May 31st incident.

{¶7} Appellant testified that, on May 31st, he was not properly dressed to pick up trash. Appellant confirmed he called the teacher a "fucking bitch," but denied telling her, "I'm going to get you." Appellant stated that he would rather be in a one-on-one school rather than with a group of people and the current school is not working for him. The superintendent questioned appellant as to his goals and his hobbies in order to help him "figure out what you want to accomplish so that school can help you get there." The parties spent time discussing other schooling options, including Newark High School and Newark Digital Academy ("NDA"). Sherry Young confirmed that she had already called NDA for an application. Appellant apologized for the language he used. Hiles stated that, if he suspended appellant from Licking Valley, he would hold the suspension in abeyance so that appellant could enroll in NDA.

{¶8} On June 9, 2014, Hiles provided written notice of appellant's expulsion for eighty days, from August 25, 2014 through January 6, 2015. The notice was to the

attention of appellant's grandparents/guardians and was mailed to the residence of both appellant and his guardians. Hiles stated that, "as per our conversation at the hearing, and in the interest of giving you options for Hayden to continue to pursue his high school diploma" if he enrolled in Newark Digital Academy, Hiles would hold the expulsion in abeyance. The notice provided that they had the right to appeal the expulsion to the Board and to be represented by an attorney.

{¶9} On June 16, 2014, appellant's attorney sent a letter to Hile appealing the suspension and expulsion to the Board. On June 18, 2014, Hiles sent a letter to appellant's attorney notifying him of the date, time, and place of the appeal hearing before the Board. The Board held a hearing in executive session on August 11, 2014. Present at the hearing were: Hile, Atkins, appellant, Kenny Young, the Board President, Vice-President, Treasurer, and three board members. At the hearing, Adkins stated that he was recommending expulsion due to the appellant's cumulative discipline record with a total of twenty (20) disciplinary offenses, including the one on May 31st. Adkins detailed both the incident in April and the incident on May 31st. Appellant testified that, on May 31, when he was knocking on the door to be let in, the teacher walked by and laughed at him and said she was not letting him in. Further, that he was wearing new white shoes that were not appropriate to pick up trash in the wet grass and that he was not told ahead of time that he would be picking up trash.

{¶10} The Board unanimously upheld the suspension. On September 15, 2014, appellant filed an administrative appeal of the Board's decision with the Licking County Court of Common Pleas pursuant to Ohio Revised Code Chapter 2506. Appellant argued that: the June 3, 2014 notice of intended expulsion does not comply with R.C.

3313.66(B) because it was addressed only to appellant's guardian; that the expulsion hearing was scheduled six days after June 3 and thus not within the five (5) day time period required by R.C. 3313.66(B); that the June 9th notice of expulsion does not comply with R.C. 3313.66(D) because it was mailed to the guardians and not appellant; that the assistant principal was not authorized to issue a carry-over suspension; that no notice of suspension was provided within one school day; and selective prosecution. Appellee filed a brief in response.

{¶11} The trial court issued a decision on March 9, 2015. The trial court found that since the record established that appellant resided at the same residence at his guardian and the notice was mailed to that address, appellant was given notice of the intent to expel. Further, that appellant's due process rights were not violated as he participated fully in the expulsion hearing and subsequent appeal to the Board and was represented by counsel at both hearings. Thus, appellant was not prejudiced by any defect in the notice. The trial court further found that appellant did not object to the hearing date or request an extension of time and was not prejudiced by the hearing being set after the school year had ended. The trial court also overruled appellant's assignments of error with regard to the omission of the address and phone number of the appropriate agencies; the failure to provide written notice of suspension within one day of the suspension; the alleged invalidity of the carry-over suspension, and selective prosecution.

{¶12} Appellant appeals the March 9, 2015 judgment entry of the Licking County Common Pleas Court and assigns the following as error:

{¶13} "I. THE LOWER COURT ERRED, AS A MATTER OF LAW, AND/OR ABUSED ITS DISCRETION, BY GIVING UNDUE DEFERENCE TO THE DECISION OF THE APPELLEE-BOARD.

{¶14} "II. THE LOWER COURT COMMITTED HARMFUL ERROR BY FINDING THAT THE "CARRY-OVER" SUSPENSION WAS NOT INVALID.

{¶15} "III. THE COMMON PLEAS COURT COMMITTED HARMFUL ERROR BY FINDING THAT THE SUPERINTENDENT'S NOTICE OF EXPULSION COMPLIED WITH R.C. 3313.66(D).

{¶16} "IV. THE COMMON PLEAS COURT COMMITTED HARMFUL ERROR BY NOT FINDING THAT THE SUPERINTENDENT'S JUNE 3, 2014 EXPULSION HEARING NOTICE FAILED TO COMPLY WITH R.C. 3313.66(A)(6)(a) AND/OR (b)."

*Standard of Review*

{¶17} As an appellate court, our standard of review to be applied in an R.C. 2506.04 appeal is "limited in scope." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 465 N.E.2d 848 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh the preponderance of the substantial, reliable, and probative evidence, as is granted to the common pleas court." *Id.* Ultimately, the standard of review for appellate courts in a R.C. 2506 appeal is "whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative, and substantial evidence." See *Weber v. Troy Twp. Board of Zoning Appeals*, 5th Dist. Delaware No. 07 CAH 04 0017, 2008-Ohio-1163. "The standard of review for courts of appeals in administrative appeals is

designed to strongly favor affirmance" and "permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Cleveland Clinic Foundation v. Cleveland Board of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.2d 1161.

I.

{¶18} Appellant first argues the trial court erred by giving "undue deference" to the decision of appellee because the trial court stated in the beginning of its judgment entry that, "[a] court is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid."

{¶19} R.C. 2506.04 sets forth the applicable standard of review for a court of common pleas in R.C. 2506-based administrative appeals. It provides, in pertinent part, as follows:

> [T]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any part on questions of law as provided in the Rules of Appellate Procedure * * *.

{¶20} Appellant contends that *Cleveland Clinic Foundation v. Cleveland Board of Zoning Appeals* stands for the broad proposition that a common pleas court does not have to defer to the administrative agency. We first note that the Ohio Supreme Court specifically stated in the *Cleveland Clinic* case that they were deciding a "narrow issue: the proper standard of review for courts to apply in appeals, pursuant to R.C. 2506.04, from decisions of zoning authorities that restrict the use of property." 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.2d 1161. The instant case is not a decision of a zoning authority that restricts the use of property.

{¶21} Further, while the Supreme Court in *Cleveland Clinic* recognizes that the trial court does not owe a duty of deference to a Board of Zoning Appeals when an appeal involves the interpretation of an ordinance in a de novo review, the Court also stated that "a court of common pleas should not substitute its judgment for that of an administrative board, such as the board of zoning appeals, unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision." 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.2d 1161, citing *Dudukovich v. Housing Authority*, 58 Ohio St.2d 202, 389 N.E.2d 1113 (1979).

{¶22} In this case, the trial court determined that: (1) the Board's decision was not unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of the evidence on the whole record; (2) the Board complied with R.C. 3313.66; and (3) appellant was afforded the requisite due process and was not prejudiced by any alleged procedural defects. Accordingly, the trial court's review complied with the requisite standard of review. Appellant has failed to articulate any specific deference the trial court allegedly gave the Board's decision and appellant does

not allege that the Board's decision is not supported by substantial, reliable, and probative evidence.  Appellant's first assignment of error is overruled.

II.

{¶23}  Appellant next contends the trial court erred by finding that the "carry-over" suspension was valid.   R.C. 3313.66(A) provides that, "[i]f at the time a suspension is imposed there are fewer than ten school days remaining in the school year in which the incident that gives rise to the suspension takes place, the superintendent may apply any remaining part or all of the period of the suspension to the following school year."

{¶24}  Appellant argues that the "carry-over" suspension was not valid because only a superintendent, not an assistant principal, may impose a "carry-over" suspension that begins in one school year and carries over to the subsequent school year.  However, in this case, the record show that there was no "carry-over" suspension.

{¶25}   In the "Notice of Suspension," it states that the "suspension will be for 10 school days beginning on June 2, 2014."  In the portion of the notice that states "ending on," no ending date is included and it states "rec. for expulsion."  Appellant was expelled and this expulsion began the first day of the following school year.  As Hiles testified, the suspension concluded at the end of the 2013-2014 school year and was replaced or overridden by an 80-day expulsion that began the following school year.  Appellant's suspension was in effect for three days:  June 2, 3, and 4th of 2014.  Accordingly, the trial court did not err in concluding there was no carry-over suspension.  Appellant's second assignment of error is overruled.

III.

**{¶26}** Appellant argues the trial court erred in finding the June 9, 2014 superintendent's notice of expulsion complied with R.C. 3313.66(D).

**{¶27}** Appellant first contends the notice of expulsion violates R.C. 3313.66(D) because it only contains a reference to one public agency, with no contact information, and does not list any private agencies. R.C. 3313.66(D) provides that the notice of expulsion for more than twenty school days should provide,

> the pupil and pupil's parent, guardian, or custodian with information about services or programs offered by public and private agencies that work toward improving those aspects of the pupil's attitudes and behavior that contributed to the incident that gave rise to the pupil's expulsion. The information shall include the names, addresses, and phone numbers of the appropriate public and private agencies.

**{¶28}** The June 9, 2014 notice lists a public agency, NDA, with no accompanying address or phone number and does not list a private agency. Appellant argues that this omission resulted in a denial of his due process rights.

**{¶29}** The Supreme Court of Ohio has stated that students facing suspension or exclusion from school have property and liberty interests that qualify for protection under the Due Process Clause under the Fourteenth Amendment. *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). In the *Goss* case, the Court stated that prior to interference with a protected property interest, a student must be given some kind of notice and afforded some kind of hearing. *Id.* One court opined that a student faced with expulsion must be given the procedural requirements in *Goss*, plus the right

to a pre-expulsion hearing before an impartial trier of fact. *Turner v. South-Western City School District*, 82 F.Supp.2d 757 (S.D. Ohio 1999). In this case, appellant was given notice, an opportunity to be heard, and had the right to a pre-expulsion hearing before an impartial trier of fact.

**{¶30}** Other courts addressing directives in R.C. 3313.66(D) focus on whether the "defect" caused prejudice to the student or implicated the student's due process rights. In *Brunswick City School Dist. Board of Education v. Formani*, the court found that while the notice of suspension failed to provide information related to the right to appeal, the error was harmless and did not prejudice the student because the student did appeal. 9th Dist. Medina No. 1671, 1988 WL 34601 (March 23, 1988); see also *Turner v. South-Western City School District*, 82 F.Supp.2d 757 (S.D. Ohio 1999) (procedural defects are determinative only where they implicate the student's due process rights). In *State ex rel Fleetwood v. Hamilton City School District Bd. of Education*, the Court found that the failure to provide a notice of expulsion to the treasurer as mandated in R.C. 3313.66 did not affect any fundamental right or otherwise prejudice the student and thus the defect did not affect the legality of the suspension or expulsion. 20 Ohio App.2d 154, 252 N.E.2d 318 (1st Dist. Butler 1969).

**{¶31}** In this case, appellee did provide the name of one agency that may aid the student based upon the discussion at the hearing before the Superintendent, but omitted the address and phone number of the entity. The statute does not require that more than one agency has to be listed. Further, appellant has not shown he was prejudiced by this omission of the name and address of the agency. At the June 9th hearing, options for addressing the issues appellant was having were discussed at

length. Kenny Young stated that NDA appeared to be the best option for appellant and Sherry Young had already contacted NDA with regards to an application for appellant. The expulsion notice made reference to NDA and the conversation about NDA at the June 9 hearing. The omission of the name and phone number of NDA did not impact appellant's right to appeal the Superintendent's expulsion to the Board and appellant fully participate in the Board hearing. At the Board hearing on August 11th, the parties discussed private and public educational options for appellant and Kenny Young made it clear that he was aware of both public and private options for appellant. Accordingly, there is no evidence that appellant was harmed or prejudiced by the omission of the address and phone of the agency; or that his due process rights were violated because of the omission.

{¶32} Appellant next argues the notice of expulsion violates R.C. 3313.66(D) because the notice was not given to appellant. R.C. 3313.66(D) provides that the superintendent or principal "shall notify in writing the parent, guardian, or custodian of the pupil and the treasurer of the board of education of the expulsion."

{¶33} Appellant cites the case of *Adrovert*, a Medina County Common Pleas Court case for the proportion that a notice of expulsion must be addressed to the student. *Adrovet v. Brunswick City School District Board of Education*, 106 Ohio Misc.2d 81, 735 N.E.2d 995 (C.P. 1999). However, *Adrovert* did not address a notice of expulsion, rather it addressed a notice of intended expulsion, which is governed by R.C. 3313.66(B)(6) and which must be provided to the student as well as the parent or custodian. Pursuant to R.C. 3313.66(D), which governs notices of expulsion, the notice of expulsion need only be provided to the parent, custodian, or guardian of the pupil.

The June 9, 2014 notice of expulsion was provided to Kenny and Sherry Young, appellant's guardians/custodians. Accordingly, R.C. 3313.66(D) was met.

{¶34} Appellant's third assignment of error is overruled.

IV.

{¶35} Appellant finally argues that the trial court erred by not finding that the Superintendent's June 3, 2014 expulsion hearing notice failed to comply with R.C. 3313.66(B)(6)(a) and/or (b) because: (1) the notice is addressed only to appellant's custodian and (2) the expulsion hearing was not scheduled within the requisite time period.

{¶36} R.C. 3313.66(B)(6)(a) provides that no pupil shall be expelled "unless, prior to the pupil's expulsion, the superintendent * * * : (a) [g]ives the pupil and the pupil's parent, guardian, or custodian written notice of the intention to expel the pupil."

{¶37} In *Stuble v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Education*, 8th Dist. Cuyahoga No. 44412, 1982 WL 5953 (Oct. 7, 1982), notice of expulsion was mailed to the student's home, addressed to his parents, contained the grounds for the expulsion, and the notice of his right to appeal to the Board of Education. The student argued that the expulsion was invalid because the notice was addressed to his parents rather than him. The Court stated that, "[p]resumably, appellee intended to notify both appellant and his parent. The technique utilized was both expedient and legally sufficient where, as here, appellant and his parents were known to reside at the same address." *Id.* Further, that the student suffered no prejudice because he, his parent, and counsel appeared at the hearing in front of the Board. *Id.*

{¶38} We find this case analogous to the *Stuble* case. There is no dispute that appellant resided at the same address as his guardian/custodian, Kenny Young. The notice was mailed to that address. Appellant, his guardian/custodian, and attorney appeared and fully participated at the June 9th hearing and subsequent appeal to the Board. Appellant does not assert that he was not aware of the intended expulsion, the opportunity to appear before the Superintendent, or the time and place of the hearing. Accordingly, appellant was not prejudiced by any alleged defect in the notice.

{¶39} Appellant urges this Court to adopt the reasoning as contained in *Adrovet v. Brunswick City School Dist. Bd. of Education*, 106 Ohio Misc.2d 81 (Medina C.P. 1999). We first note that this common pleas court decision is not binding on this Court and no other subsequent reported case cites to *Advoret*. Further, we find this case distinguishable from *Adrovet* because the court in that case specifically found the record did not establish that the student lived as the same address at his parents. *Id.* Additionally, in *Adrovet*, there is no indication as to whether the student actually attended the expulsion hearing.

{¶40} Appellant further claims the June 9th hearing in front of the Superintendent was not scheduled within the requisite statutory time period. R.C. 3313.66(B)(6)(b) provides that the hearing be set not earlier than three and not later than five school days after the notice of expulsion. In this case, the notice of intended expulsion was provided on June 3, 2014. The last day of the school year was June 4, 2014. The expulsion hearing was held on June 9, 2014. At the trial court level, appellant first, in his brief, argued that the hearing was more than five days after the notice was given on June 3. After appellee correctly stated in its brief that the statute

requires the hearing to be set within five school days, appellant changed his argument in his reply brief in front of the trial court and instead argued that the hearing was set earlier than three days after notice was given as there was only one day of school remaining when the notice was sent.

{¶41} We first note that appellant never raised this issue in front of the administrative agency. Errors which are not brought to the attention to the administrative agency by objection or otherwise are waived and may not be raised on appeal. *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 322 N.E.2d 629 (1975); *Morgan v. Girard City School Dist. Bd. of Education*, 90 Ohio App.3d 627 (9th Dist. 1993). Further, appellant cites no authority for his contention that the superintendent was required to wait and cause unnecessary delay until the next school year began to hold the expulsion hearing. As noted by one court, "the spirit of R.C. 3313.66 clearly intends that a pupil should not risk cold evidence nor lose valuable classroom time to administrative delay on the part of disciplining school officials." *Stuble v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Education*, 8th Dist. Cuyahoga No. 44412, 1982 WL 5953 (Oct. 7, 1982). Appellant did not object to the hearing date, or request an extension of time either before or during the hearing, despite the language contained in the notice of expulsion stating he could do so. Finally, appellant does not assert that he was prejudiced by the hearing date or that his rights were affected by the hearing date.

{¶42} Appellant's fourth assignment of error is overruled.

{¶43} Based on the foregoing, appellant's assignments of error are overruled. The March 9, 2015 judgment entry of the Licking County Common Pleas Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur