The State, ex rel. Sheldon Gas Company, v. Board of Elections of Hancock County et al.

(No. 76-1045—Decided October 29, 1976.)

Messrs. Muldoon, Pemberton & Ferris and Mr. David L. Pemberton, for relator.

Mr. Ronald G. Heck, for intervening respondents.

Per Curiam. This is an original action in which the relator, Sheldon Gas Company, seeks to prohibit the respondent Board of Elections of Hancock County from submitting an ordinance fixing the rates which relator, a public utility, may charge and collect for natural gas service in the village of Vanlue, Ohio, to the voters at the November 2, 1976, general election.

The ordinance (No. 1975-6) was enacted by village council on November 3, 1975, and accepted as a contract by the relator on that date.

On or about December 1, 1975, a referendum petition was filed with the Vanlue village clerk demanding submission of Ordinance No. 1975-6 to a vote of the village's electors. The petition was submitted on forms prescribed for compliance with the referendum procedure set forth in R. C. 731.28 et seq. and was accompanied by instructions to the village clerk to comply with said statutory procedure.

The referendum petition was transmitted directly to the respondent board of elections to be submitted to the village's electors at the next regularly scheduled general election to be held November 2, 1976.

On March 1, 1976, relator advised the Vanlue village clerk that it had begun charging the rate increase authorized by the ordinance. Subsequently, relator's petition for a writ of prohibition was filed with this court.*

Relator bases its right to relief upon the allegation that the respondent referendum petitioners, the Vanlue city council, and the respondent board of elections failed to comply with the mandatory and self-executing provisions of Sections 5 and 8, Article XVIII of the Ohio Constitution.

This court held, in *State, ex rel. Janik, v. Bd. of Elections* (1968), 16 Ohio St. 2d 63, 64, that "a referendum on an ordinance of the kind involved * * * [fixing rates which relator could charge for natural gas] is controlled exclusively by the provisions of Sections 5 and 8 of Article XVIII of the Constitution of Ohio and that those provisions are self-executing."

Respondents admit that the "village council has not determined the sufficiency of the petition nor has it otherwise acted in accordance with Article XVIII, Section 8 of the Ohio Constitution." They allege that the provisions of Section 8, of Article XVIII are not applicable here.

For the foregoing reasons, the writ of prohibition is allowed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE. W. BROWN and P. BROWN, JJ., concur.

---

*Respondent board of elections does not contest the complaint. Intervening respondents are proponents of the referendum petition herein.