THE STATE, EX REL. BURECH, *v.* BELMONT COUNTY BD. OF ELECTIONS ET AL.

[Cite as State, ex rel. Burech, *v.* Belmont Cty. Bd. of Elections (1985), 19 Ohio St. 3d 154.]

(No. 85-1369—Decided October 10, 1985.)

*Carlile, Patchen, Murphy & Allison* and *Dennis Concilla,* for relator.

*William Thomas,* prosecuting attorney, and *Frank Pierce,* for respondents.

*Costine & Costine* and *J. Mark Costine,* urging denial of writ for *amicus curiae,* Belmont County Township Association.

*Rankin M. Gibson Co., L.P.A.,* and *Rankin M. Gibson,* urging allowance of writ for *amicus curiae,* County Commissioners' Association of Ohio.

*Per Curiam.* R.C. 5739.022 authorizes an election, upon referendum petition, to repeal an emergency permissive sales tax levied by a county in accordance with R.C. 5739.021. The form of such a petition is prescribed by R.C. 305.32 as follows[2]:

"Any referendum petition may be presented in separate petition papers, but *each petition paper shall contain a full and correct copy of the title and text of the resolution or rule sought to be referred.* Referendum petitions shall be governed by the rules of section 3501.38 of the Revised Code. * * *" (Emphasis added.)

It is undisputed that the petition papers at issue herein did not contain the full and correct copy of the title and text of the resolution sought to be referred and were not in compliance with R.C. 305.32. Thus, relator contends that the petition is invalid and the issue cannot be placed on the

---

[2] R.C. 305.42 provides:

"Sections 305.32 to 305.41 and 305.99 of the Revised Code apply to petitions authorized by * * * [section] 5739.022 of the Revised Code."

ballot. His argument is well-founded. This court has consistently held that election statutes are mandatory and must be strictly complied with. *Chevalier* v. *Brown* (1985), 17 Ohio St. 3d 61, 63; *State, ex rel. Senn,* v. *Bd. of Elections* (1977), 51 Ohio St. 2d 173, 174 [5 O.O.3d 381]; *State, ex rel. Griffin,* v. *Krumholtz* (1982), 70 Ohio St. 2d 125, 127 [24 O.O.3d 234].

We do not agree with the assertion of respondents and *amicus curiae* Belmont County Township Association that the violation herein is a technical one as to form only and does not affect the petition's ability to fairly and substantially present the issue. The statute clearly requires that the full and correct copy of the title and text of the resolution be recited in the petition papers. This failure was in direct violation of statute and could easily be misleading to those who signed the petition.

Accordingly, we find that relator is entitled to the relief prayed for; however, we believe that the complaint was incorrectly styled as one in prohibition. There is some authority for the use of prohibition in a situation such as this. See, *e.g., State, ex rel. Sheldon Gas Co.,* v. *Bd. of Elections* (1976), 48 Ohio St. 2d 49 [2 O.O.3d 166]. Prohibition, however, is only intended to control judicial or quasi-judicial action. In *State, ex rel. Williams,* v. *Brown* (1977), 52 Ohio St. 2d 13, 16 [6 O.O.3d 79], the court specifically held that the act of placing an issue on the ballot is " '* * * ministerial in nature and not quasi-judicial.' " Thus, the matter is not a proper subject for prohibition. The complaint, though titled incorrectly, does state a claim in mandamus, however, in that respondents are under a clear legal duty to reject petitions which are not in compliance with law and prohibit their placement on the ballot. See, *e.g., State, ex rel. Spangler,* v. *Bd. of Elections* (1983), 7 Ohio St. 3d 20.

Thus, we will treat relator's complaint in prohibition as one in mandamus, and as such, allow the writ prayed for.

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.