THE STATE, EX REL. ESCH, APPELLEE, *v.* LAKE COUNTY BOARD OF ELECTIONS, APPELLANT.

[Cite as *State, ex rel. Esch, v. Lake Cty. Bd. of Elections* (1991), 61 Ohio St.3d 595.]

(No. 90–2142—Submitted May 6, 1991—Decided August 28, 1991.)

*Reminger & Reminger* and *Nick C. Tomino,* for appellee.

*Steven C. LaTourette,* prosecuting attorney, and *Michael P. Brown,* for appellant.

*Per Curiam.* We are asked to decide in this appeal if the title requirement in R.C. 731.31 must be met with strict compliance. For the reasons that follow, we hold that it must and, therefore, that the board of elections has a clear duty to reject the instant noncomplying petition. Moreover, because the board does not argue that Esch has a plain and adequate remedy at law, we further hold that the court of appeals properly granted Esch a writ of mandamus.

R.C. 731.31 provides, in pertinent part:

"Any initiative or referendum petition may be presented in separate parts, *but each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance or other measure,* and each part of any referendum petition shall contain the number and a full and correct copy of the title of the ordinance or other measure sought to be referred.  * * *."  (Emphasis added.)

Conceding that the protested petition bears no title for the proposed ordinance, the board argues that the lack of a title is a technical defect and that strict compliance with this R.C. 731.31 requirement is not necessary. Building on this argument and applying the standard for reviewing determinations of petition sufficiency, see *State, ex rel. Beck, v. Casey* (1990), 51 Ohio St.3d 79, 80, 554 N.E.2d 1284, 1285, the board further argues that it did not misinterpret or disregard R.C. 731.31 by failing to reject the petition.

We reject these arguments based on the authority cited by the court of appeals. As that court observed, we allowed a writ of mandamus in *State, ex rel. Burech, v. Belmont Cty. Bd. of Elections* (1985), 19 Ohio St.3d 154, 19 OBR 437, 484 N.E.2d 153, to compel the rejection of referendum petition papers not in compliance with the R.C. 305.32 requirement that "each petition paper shall contain a full and correct copy of the title and text of the resolution or rule sought to be referred." There, as here, the board of elections argued that these were technical requirements, the absence of which did not invalidate the petition. However, because omitting the title and text interfered with the petition's ability to fairly and substantially present the issue, we held, consistent with general rule for election statutes, that the R.C. 305.32 requirement was mandatory and warranted strict compliance. See, also, *Chevalier v. Brown* (1985), 17 Ohio St.3d 61, 63, 17 OBR 64, 66, 477 N.E.2d 623, 625; *State, ex rel. Evergreen, Co., v. Bd. of Elections* (1976), 48 Ohio St.2d 29, 31, 2 O.O.3d 126, 127, 356 N.E.2d 716, 717; *State, ex rel. Janasik, v. Sarosy* (1967), 12 Ohio St.2d 5, 41 O.O.2d 3, 230 N.E.2d 346.

The board of elections urges us to distinguish *Burech* because the petition in that case lacked both a text and a title. However, to do so would ignore the fact that a title also provides notice of the proposal to signers of an initiative petition. More so than the text, the title immediately alerts signers to the nature of proposed legislation. As this notice helps prevent the signers from being misled, we follow *Burech* and hold that the instant petition must contain a title for the proposed ordinance as required by R.C. 731.31.

The board's reliance on *Stern v. Bd. of Elections* (1968), 14 Ohio St.2d 175, 43 O.O.2d 286, 237 N.E.2d 313, *State, ex rel. Maurer, v. Franklin Cty. Bd. of Elections* (1987) 33 Ohio St.3d 53, 514 N.E.2d 709, and *Waste Technologies Industries v. Columbiana Cty. Bd. of Elections* (Nov. 1, 1988), Columbiana App. No. 87–C–54, unreported, 1988 WL 117995, does not persuade us to hold otherwise. The court of appeals properly distinguished *Stern* and *Maurer* because the statutes in those cases expressly allowed substantial compliance, and R.C. 731.31 does not. Moreover, although the court in *Waste Technologies* held that legislation proposed on an initiative petition, if only six lines in

length, could substantially comply with R.C. 731.31, that court did not consider our decision in *Burech.*

A writ of mandamus may issue when the relator has a clear legal right to the relief prayed for, respondent has a clear legal duty to perform the requested act, and the relator has no plain and adequate remedy at law. *State, ex rel. Westchester, v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81. Here, Esch has established that the board of elections had a duty under R.C. 731.31 to reject the untitled petition and that Esch is entitled to performance of this act. As the board of elections does not dispute the absence of a plain and adequate remedy at law, the issuance of a writ of mandamus was appropriate. Therefore, the court of appeals' judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., dissents.

WRIGHT, J., dissenting. I must respectfully dissent despite my agreement with the result achieved by the majority. We have consistently held that mandamus will lie *only* where official action is to be ordered or compelled. Mandamus is inappropriate where one seeks to *prevent* such action. See *State, ex rel. Assn. for the Defense of the Washington Local School Dist., v. Kiger* (1989), 42 Ohio St.3d 116, 537 N.E.2d 1292; *State, ex rel. Stamps, v. Automatic Data Processing Bd. of Montgomery Cty.* (1989), 42 Ohio St.3d 164, 538 N.E.2d 105; *State, ex rel. Kay, v. Brown* (1970), 24 Ohio St.2d 105, 53 O.O.2d 284, 264 N.E.2d 908; *State, ex rel. Pressley, v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631; *State, ex rel. Smith, v. Indus. Comm.* (1942), 139 Ohio St. 303, 22 O.O. 349, 39 N.E.2d 838.

The majority relies on *State, ex rel. Burech, v. Belmont Cty. Bd. of Elections* (1985), 19 Ohio St.3d 154, 19 OBR 437, 484 N.E.2d 153, which in my view represents an aberration from the established case law noted above. For these reasons I would reverse the decision granting mandamus in this case.