OPINION
Howard Copenhefer has appealed a judgment of the Clark County Court of Common pleas which denied Copenhefer an injunction which would have prevented the Clark County Board of Elections from placing a referendum concerning the rezoning of his property on the November 6, 2001 ballot.
In a single assignment of error, Copenhefer asserts error as follows:
 THE TRIAL COURT ERRED IN FINDING THAT THE PETITION FOR REFERENDUM CERTIFIED BY DEFENDANT-APPELLEE CLARK COUNTY BOARD OF ELECTIONS COMPLIES WITH THE MANDATE OF OHIO REVISED CODE § 303.12(H), WHICH REQUIRES SUCH PETITION TO CONTAIN THE NUMBER AND THE FULL AND CORRECT TITLE OF THE PERTINENT ZONING AMENDMENT RESOLUTION.
 A.
Counsel for the parties have filed an agreed statement of the case in lieu of record which amply portrays the history of these proceedings and the issue before this court. Except for a footnote and references to exhibits, which we have deleted, the following is the agreed statement of the case.
The facts of this case are not in dispute. Plaintiff Howard Copenhefer and Marjorie Copenhefer owned certain real property consisting of approximately 82.5 acres of land located in the unincorporated portion of Bethel Township, Clark County, Ohio. On August 8, 2000, they submitted an application in accordance with O.R.C. § 303.12 to rezone such property under the Clark County Zoning Regulations from an R-2 classification (Low Density Single Family Residence) to an R-2AS classification (Medium Density Single Family Residence). Mrs. Copenhefer subsequently died, and Plaintiff Howard Copenhefer is the executor of her estate, and the current owner of the property in question.
The Clark County Board of Commissioners approved the rezoning request on November 14, 2000 by passing Resolution No. 1066-00, titled "Render Decision on the Request as filed by Howard and Marjorie Copenhefer for an Amendment of the Present Zoning Map for Bethel Township, Clark County, Ohio." On December 5, 2000, the Board of Commissioners received and accepted for review a Referendum Petition purportedly circulated pursuant to O.R.C. § 303.12(H), requesting submission of the zoning amendment to the electors of the unincorporated area of Bethel Township for approval or rejection. The Referendum Petition was certified to the Defendant Clark County Board of Elections on December 19, 2000.
Plaintiff protested to the Board of Elections on January 18, 2001, asking that the Referendum Petition be rejected because of its failure to satisfy the mandates of O.R.C. § 303.12(H). Specifically, Plaintiff-Appellant alleged that the Petition did not include the full and correct title of the zoning amendment resolution, as required by statute. Nonetheless, at its March 26, 2001 meeting, Defendant voted to certify such Petition and place the issue of the zoning amendment on the ballot for the November 6, 2001 general election. That decision was journalized on May 8, 2001, by the approval of the minutes of the March 26, 2001 meeting. Plaintiff thereafter brought the present action.
Both parties filed Motions for Summary Judgment. The Plaintiff filed its Motion for Summary Judgment on July 31, 2001 and Defendant filed its Motion for Summary Judgment on August 22, 2001. The Clark County Common Pleas Court rendered Decision denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment by Entry filed September 11, 2001. Plaintiff-Appellant filed its Notice of Appeal on October 5, 2001. The sole issue for review on the Appeal is whether the Court erred in finding that the petition satisfies the requirements of Section 303.12(H) of the Ohio Revised Code.
 B.
R.C. 303.12(H), which governs the referendum petition process in question, provides:
 "Each part of this petition shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment proposal is known and a brief summary of its contents."
The resolution number requirement is not at issue.
The title of the zoning amendment resolution is:
 RENDER DECISION ON THE REQUEST AS FILED BY HOWARD AND MARJORIE COPENHEFER FOR AN AMENDMENT OF THE PRESENT ZONING MAP FOR BETHEL TOWNSHIP, CLARK COUNTY, OHIO:
What appears on the referendum petition after the resolution number as the "full and correct title" is:
Howard and Marjorie Copenhefer Re-zoning Request
Copenhefer asserts that election statutes must be strictly complied with and that the statement of title on the petition violates this requirement, citing Burech v. Belmont County Board of Elections (1985),19 Ohio St.3d 154 and Esch v. Lake County Board of Elections (1991),61 Ohio St.3d 595.
The board of elections responds, and we agree, that "the obvious legislative rationale for the `full and correct title' requirement is to ensure that signers of a referendum petition know which county zoning amendment is sought to be referred to the electorate." The board contends that regardless of any shortcomings in the statement of title, "a reasonable person signing the petition could not be mislead into believing that the petition referred to some other zoning matter." In essence, the board argues that the statement of title substantially complies with the mandate of R.C. 303.12(H) and, because it is not misleading, the board should not be enjoined from submitting the issue to the electorate.
In a case involving R.C. 303.12(H), the Court of Appeals for Warren County has stated:
 . . . compliance with R.C. 303.12(H) and 3501.38 is mandatory. Id. at 198, 541 N.E.2d at 88. However, "it is generally held that exact and strict compliance is not required but, instead, substantial compliance with mandatory statutory requirements is sufficient." Id. See, also, State ex rel. Maurer v. Franklin Cty. Bd. of Elections (1987), 33 Ohio St.3d 53, 514 N.E.2d 709; State ex rel Polcyn v. Burkhart (1973), 33 Ohio St.2d 7, 62 O.O.2d 202, 292 N.E.2d 883.
The cases cited by Copenhefer are not R.C. 303.12(H) cases. Burech
involved petition papers for the repeal of a permissive tax levied by county commissioners. The papers were required to contain the title and text of the commissioners' resolution, but instead contained a resolution of the Belmont County Trustees and Clerks Association. Esch involved an initiative petition that was required to contain a "full and correct copy of the title . . . of the proposed ordinance" but contained no title. Nevertheless, some of what the court said in Esch is illuminating:
 . . . we allowed a writ of mandamus in State, ex rel. Burech, v. Belmont Cty. Bd. of Elections (1985), 19 Ohio St.3d 154, 19 OBR 437, 484 N.E.2d 153, to compel the rejection of referendum petition papers not in compliance with the R.C. 305.32 requirement that "each petition paper shall contain a full and correct copy of the title and text of the resolution or rule sought to be referred." There, as here, the board of elections argued that these were technical requirements, the absence of which did not invalidate the petition. However, because omitting the title and text interfered with the petition's ability to fairly and substantially present the issue, we held, consistent with general rule for election statutes, that the R.C. 305.32 requirement was mandatory and warranted strict compliance. See, also, Chevalier v. Brown (1985), 17 Ohio St.3d 61, 63, 17 OBR 64, 66, 477 N.E.2d 623, 625; State, ex rel Evergeen, Co., v. Bd. of Elections (1976), 48 Ohio St.2d 29, 31, 2 O.O.3d 126, 127, 356 N.E.2d 716, 717; State, ex rel. Janasik, v. Sarosy (1967), 12 Ohio St.2d 5, 41 O.O.2d 3, 230 N.E.2d 346.
 The board of elections urges us to distinguish Burech because the petition in that case lacked both a text and a title. However, to do so would ignore the fact that a title also provides notice of the proposal to signers of an initiative petition. More so than the text, the title immediately alerts signers to the nature of proposed legislation. As this notice helps prevent the signers from being misled, we follow Burech and hold that the instant petition must contain a title for the proposed ordinance as required by R.C. 731.31. (Emphasis ours).
It is clear from Esch that the purpose of the various statutes mandating the content of petitions is that petitions fairly and substantially present the issues so as not to mislead those who sign the petitions. See also Markus v. Trumball Cty. Bd. of Elections (1970),22 Ohio St.2d 197.
With this purpose in mind, we are hard pressed to disagree with the board that a reasonable person signing the petition in question would not be misled into believing that the petition referred to some other zoning matter than the matter sought to be subjected to referendum.
Although it is not a verbatim repetition of the resolution title,supra, "Howard and Marjorie Copenhefer Re-zoning Request" can be found in substance in the resolution title. Furthermore the "brief summary of the (resolution's) contents" contained in the petition matches the resolution in terms of location (Bethel Township), acreage (82.5), the zoning change (R-2 to R-2AS), and limit on lots (250). Finally, the petition is limited to electors residing in the unincorporated area of Bethel Township.
 C.
So far, we have only been concerned with whether the petition sufficiently complied with the requirement of a "full and correct title . . . of the zoning amendment resolution."
We were also impressed at oral argument with the board's argument that "full and correct title" refers to the "resolution, motion, or
application" (emphasis ours) and its observation that the petition must "furnish . . . the name by which the amendment proposal is known. . . ." (Emphasis ours). "Howard and Marjorie Copenhefer Re-Zoning Request" is remarkably close to "the request as filed by Howard and Marjorie Copenhefer for an amendment of the present zoning map for Bethel Township, Clark County, Ohio" as found in the title of the commission resolution, particularly where it is followed by a summary discussing Bethel Township acreage.
 D.
In our judgment, the trial court properly denied the injunction sought by Copenhefer.
The assignment of error is overruled.
The judgment will be affirmed.
FAIN, J. and GRADY, J., concur.