[Cite as *Fincon Developers, Ltd. v. Delaware Tw.p. Bd. of Trustees*, 2025-Ohio-1710.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| FINCON DEVELOPERS, LTD, ET AL | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. Robert G. Montgomery, J. |
| Plaintiffs-Appellants | : | Hon. Kevin W. Popham, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 24 CAE 07 0046 |
| DELAWARE TOWNSHIP BOARD OF | : | |
| TRUSTEES | : | |
| | : | OPINION |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:    Appeal from the Delaware County Court of
Common Pleas, Case No. 24 CV H 04
0339

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    May 12, 2025

APPEARANCES:

For Plaintiffs-Appellants                    For Defendant-Appellee

DESMOND J. CULLIMORE                 MELISSA A. SCHIFFEL
3664 Hickory Rock Drive                   BY: KATHERYN L. MUNGER
Powell, OH 43065                               Delaware Prosecutor's Office
                                                          145 North Union Street, 3rd Fl.
                                                          Delaware, OH 43015

*Popham, J.,*

{¶1} Appellants Fincon Developers, LTD, and Padmanabhareddy Iragamreddy appeal the June 25, 2024, judgment entry of the Delaware County Court of Common Pleas granting the motion to dismiss filed by appellee the Delaware Township Board of Trustees.

*Facts & Procedural History*

{¶2} At issue in this case is the property located at 2880 Liberty Road in Delaware, Ohio. Appellants filed an application to rezone the property from industrial to a planned residential district. Appellee approved the motion to rezone the property on February 28, 2024. On March 25, 2024, a group of citizens filed a "Petition for a Zoning Referendum" with appellee by delivering the documents to Township Fiscal Officer Patricia Montgomery. On March 27, 2024, appellee informed appellants the petition was received, and scheduled a special meeting to consider the petition for March 29, 2024. The same group of citizens filed a "Petition for Zoning Referendum" that contained a map of the location of the project site on March 28, 2024, with appellee by delivering it to Township Trustee Kevin Hennessy. Appellants received the document on March 28, 2024, at 5:18 p.m.

{¶3} Pursuant to R.C. 519.12(H), appellee held a special meeting on March 29, 2024, to consider the petition for certification. Appellants attended the meeting and provided a letter to the trustees requesting the trustees reconvene the meeting to certify the petition after appellants had a chance to review the documents. The trustees declined appellants' request, and voted to certify the petition to the Delaware County Board of Elections ("BOE").

{¶4} On March 30, 2024, appellants sent a letter to each of the trustees telling them they could not certify the petition because the petition failed to comply with the Ohio Revised Code, as the trustees were required to review the petition as it was submitted on March 25th, and could not consider information submitted separately on March 28th.

{¶5} Appellants filed a complaint on April 2, 2024, against appellee seeking a writ of mandamus, declaratory judgment, injunctive relief, and other relief. Appellants asserted the following claims: (1) fraud; (2) declaratory judgment to "determine the rights and duties of the parties under Ohio law," to "declare the actions of [appellee] fraudulent, to "declare the rights and responsibilities of appellants and appellee under the law of Ohio relating to zoning amendments, referendum, and certification of referendum petitions"; (3) injunctive relief to enjoin appellee from certifying the petition to the BOE; and (4) a writ of mandamus compelling appellee to convene a special meeting to reconsider the petition to specifically consider R.C. 3501.38(I)(1) and (K), and a writ of mandamus compelling appellee to nullify its action to certify the petition.

{¶6} Also on April 2, 2024, appellants filed a motion for temporary restraining order, preliminary injunction, and writ of mandamus. In the motion, appellants sought to enjoin appellee from certifying the petition to the BOE because it failed to comply with the requirements contained in the Ohio Revised Code. They also sought to compel appellee to nullify the March 29th vote and hold a new special session to perform a proper review of the petition.

{¶7} The trial court held a hearing on appellants' motion on April 4, 2024. Trustee Kevin Hennessy testified at the hearing, as did appellant Iragamreddy. Iragamreddy testified he is in informal discussions with multiple builders to develop the property, but

he did not inform any of the builders of the petition filed by the citizens because he was "waiting."

{¶8} The trial court issued a judgment entry on April 5, 2025, denying appellants' motion for preliminary injunction and writ of mandamus. The trial court reasoned: appellants did not show they were likely to succeed on the merits; appellants had an adequate remedy in the ordinary course of law in the form of the review process by the BOE; appellants cited no authority to demonstrate appellee has a clear legal duty to reject petitions the trustees conclude are invalid; and appellants did not show irreparable harm that could not be remedied by money damages.

{¶9} After the trial court denied the motion for preliminary injunction and writ of mandamus, appellee delivered the petition to the BOE on April 5, 2024. Appellants filed a protest against the petition with the BOE in May of 2024. The BOE held a hearing in July of 2024 and upheld the protest of appellants. Thus, the referendum was removed from the November 5, 2024, ballot, and the rezoning of the property went into effect, as requested by appellants.

{¶10} Appellee filed a motion to dismiss the complaint pursuant to Civil Rules 12(B)(1) and 12(B)(6) on April 23, 2024. Appellants filed a memorandum in opposition to the motion on May 7, 2024. Appellee filed a reply on May 9, 2024. Appellants filed a sur-reply brief on May 16, 2024; however, upon motion by appellee, the trial court struck the sur-reply on May 22, 2024, because appellants failed to obtain leave from the trial court to file it. Appellants subsequently filed a motion for leave to file a sur-reply brief.

{¶11} The trial court issued a judgment entry on June 25, 2024. The trial court granted appellants' motion for leave to file a sur-reply brief, and stated it considered the

brief prior to its determination on the motion to dismiss. As to appellants' claim for a writ of mandamus to enjoin appellee from certifying and delivering the petition to the BOE, the trial court found this claim moot because appellee certified the petition and delivered it to the BOE in April. With regard to appellants' mandamus request to compel appellee to meet to reconsider the certification of the petition, the trial court again found this moot because once the petition is certified, it advances beyond the scope of appellee's authority pursuant to R.C. 519.12(H). The trial court found since these mandamus claims were moot, it lacked subject matter jurisdiction over them.

{¶12} As to appellants' final mandamus claim (for a writ compelling appellee to nullify certification of the petition), the trial court found appellants have an adequate remedy in the ordinary course of law, i.e., the BOE review process contemplated by Ohio law in R.C. 519.12(H) and R.C. 3501.38(K).

{¶13} Next, the trial court addressed appellants' fraud claim, in which appellants allege appellee committed fraud when it voted to certify the petition, despite allegedly having knowledge that the petition failed to comport with Ohio law, specifically R.C. 3501.38. The trial court found appellee could not have committed fraud because appellee did not make any false representations or omit any facts it had a duty to disclose by certifying the petition. Further, the trial court found that by certifying the petition to the BOE, a township does not affirm that the petition complies with the requirements of R.C. 3501.38; rather, the duty to determine the sufficiency and validity of the petition falls on the BOE. The trial court found appellee's review is limited to a facial review and appellee therefore did not make any false representations regarding the petition's compliance with R.C. 3501.38 through its certification to the BOE. The trial court concluded appellants'

fraud claim should be dismissed for failure to state a claim upon which relief can be granted.

{¶14} Because the trial court found there was no false representation, it also dismissed the portion of appellants' declaratory judgment claim seeking a declaration that the actions of appellee were fraudulent. As to the portion of appellants' declaratory judgment claim requesting a declaration of the "rights and responsibilities of the parties relating to the zoning amendments and petitions," the trial court found this claim should be dismissed because these rights and responsibilities are set forth in Ohio law.

{¶15} Finally, the trial court found that because appellants' claims for mandamus, fraud, and declaratory judgment fail, there are no claims upon which appellants can seek a monetary judgment in their favor. Thus, appellants' claims for ordinary damages, punitive damages, costs, and attorney fees, fail.

{¶16} Appellants appeal the June 25, 2024, judgment entry of the Delaware County Court of Common Pleas, and assign the following as error:

{¶17} "I. DELAWARE TOWNSHIP IS REQUIRED TO ENSURE THAT REFERENDUM PETITIONS ON THEIR FACE COMPLY WITH THE PROVISIONS OF R.C. 519.12 AND R.C. 3105.38 AS PART OF THE STATUTORY CERTIFICATION PROCESS FOR REFERENDUM PETITIONS."

*Standard of Review*

{¶18} The trial court granted appellee's motion to dismiss pursuant to Civil Rules 12(B)(1) and 12(B)(6). We review dismissals pursuant to Civil Rule 12(B)(6) de novo, presume the truth of all material factual allegations in the complaint, and make all reasonable inferences in appellants' favor. *Alford v. Collins-McGregor Operating Co.*,

2018-Ohio-8.  We also review dismissals under Civil Rule 12(B)(1) de novo.  *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 2016-Ohio-478.  Although factual allegations in the complaint are taken as true, "unsupported conclusions of a complaint are not considered admitted . . . and are not sufficient to withstand a motion to dismiss."  *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

**{¶19}**  In their assignment of error, appellants argue the trial court committed error in dismissing their fraud claim and declaratory judgment claims.

*Fraud Claim*

**{¶20}**  To prove fraud, a plaintiff must establish the following elements: (1) a representation, or silence where there is a duty to disclose, (2) which is material to the transaction, (3) made falsely, with knowledge of its falsity, or with such utter disregard as to its truth that knowledge may be inferred, (4) with the intent to mislead another into relying on it, (5) justifiable reliance on the representation, and (6) resulting injury proximately caused by the reliance.  *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464 (1998).

**{¶21}**  R.C. 519.12 contains the procedural requirements governing referendum petitions that must be followed in order to place a zoning amendment issue on the ballot before the electorate.  At issue in this case is R.C. 519.12(H), which provides, in pertinent part:

> The proposed amendment, if adopted by the board, shall become effective
> in thirty days after the date of its adoption, unless, within thirty days after
> the adoption, there is presented to the board of township trustees a petition,
> signed by a number of registered electors residing in the unincorporated
> area of the township or part of that unincorporated area included in the

zoning plan equal to not less than fifteen per cent of the total vote cast for all candidates for governor in that area at the most recent general election at which a governor was elected, requesting the board of township trustees to submit the amendment to the electors of that area for approval or rejection at a special election . . . [e]ach part of this petition shall contain the number and shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment is known and a brief summary of its contents.  In addition to meeting the requirements of this section, each petition shall be governed by the rules specified in section 3501.38 of the Revised Code.

. . .

The petition shall be filed with the board of township trustees and shall be accompanied by an appropriate map of the area affected by the zoning proposal.  Within two weeks after receiving a petition filed under this section, the board of township trustees shall certify the petition to the board of elections.  A petition filed under this section shall be certified to the board of elections not less than ninety days prior to the election at which the question is to be voted upon.

The board of elections shall determine the sufficiency and validity of each petition certified to it by a board of township trustees under this section.  If the board of elections determines that a petition is sufficient and valid, the question shall be voted upon at a special election . . . .

{¶22} Also at issue in this case is R.C. 3501.38, specifically sections (I)(1) and (K). These sections provide as follows:

(I)(1) No alterations, corrections, or additions may be made to a petition after it is filed in a public office.

. . .

(K) All separate petition papers shall be filed at the same time, as one instrument.

{¶23} Appellants contend the trial court committed error in dismissing their fraud claim because appellee knowingly failed to comply with R.C. 519.12(H) and R.C. 3501.38 when it certified the petition despite the petition being comprised of two separate sets of documents, in violation of R.C. 3501.38(I) and (K). Appellants claim appellee's act of "certification" of the petition pursuant to R.C. 519.12(H) is a representation (for purposes of fraud) that the petition on its face complies with each of the factors listed in both R.C. 519.12 and R.C. 3501.38. Further, appellants argue appellee has a duty to perform a facial review of the petition and, inherent in its duty to "certify" is also the duty to "not certify" if the petition fails to meet the requirements of both R.C. 519.12 and R.C. 3501.38.

{¶24} R.C. 519.12(H) requires the petition be accompanied by "an appropriate map." This section is mandatory and requires strict compliance. *State ex rel. Esch v. Lake Cty. Bd. of Elections*, 61 Ohio St.3d 595 (1991). There is no dispute that the trustees had a map in front of them at the special meeting held on March 29th. Thus, appellee's facial review of the map requirement contained in R.C. 519.12(H) was properly completed. However, appellants seek to engraft another requirement upon appellee, i.e., to determine if the map being submitted after March 25th impermissibly "added, altered,

or corrected" the petition in violation of R.C. 3501.38(I)(1) or if the submissions on different days violated the "one instrument" requirement contained in R.C. 3501.38(K).

**{¶25}** We agree with the trial court that appellee did not make any representation or omit any facts it had a duty to disclose by certifying the petition because, by certifying the petition to the BOE, a township does not affirm the petition complies with the requirements contained in R.C. 3501.38. Rather, the duty to determine whether the petition complies with the requirements of R.C. 3501.38 is within the purview of the BOE.

**{¶26}** This Court's "paramount concern in examining a statute is the legislature's intent in enacting the statute." *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 2021-Ohio-2067. In order "to discern that intent, we first consider the statutory language, reading all words and phrases in context and in accordance with the rules of grammar and common usage." *Id.* Additionally, "we give effect to the words the General Assembly has chosen, and we may neither add to nor delete from statutory language." *Columbia Gas Transm. Corp. v. Levin*, 2008-Ohio-511. When the statutory language is plain and unambiguous, this Court must "apply it as written without resorting to the rules of statutory interpretation or considerations of public policy." *Zumwalde v. Maderia & Indian Hill Joint Fire Dist.*, 2011-Ohio-1603.

**{¶27}** We find the plain language of R.C. 519.12(H) ("in addition to meeting the requirements of this section, each petition shall be governed by the rules specified in section 3501.38 of the Revised Code") does not, by its plain language, impose a duty upon appellee to conduct a facial review of the all of the requirements contained in R.C. 3501.38. If this Court were to read R.C. 519.12(H) to impose this duty upon a board of township trustees, we would be improperly adding to the statutory language contained in

R.C. 519.12(H) that specifically imposes this duty upon the board of elections ("the board of elections shall determine the sufficiency and validity of each petition certified to it by a board of township trustees").

{¶28} An examination of the other requirements contained in R.C. 3501.38 also demonstrates that the plain language of the statute does not require township trustees to complete a facial review of the requirements contained in R.C. 3501.38. Clearly, checking a petition to determine whether each signer is a registered elector, making sure the voting address of each signer on the petition is the address appearing in the registration record at the board of elections, ensuring no person has written any name other than their own name on the petition (except as otherwise provided in the Revised Code), counting only the first signature of an elector if the elector signs the petition two or more times, confirming the number of signatures on each petition paper, rejecting the signature of a person not qualified to sign, and checking to confirm the petition contains the required circulator's statements, all require an inquiry into matters not evident from the face of the petition. A board of trustees could not conduct a "facial review" of these requirements without exceeding the authority prescribed to them because they necessarily require an inquiry into matters beyond a facial review. As noted above, that would require this Court to improperly add or impose a duty upon appellee that is not contained in R.C. 519.12(H), and would be in direct conflict with a trustee's clear legal duty, pursuant to R.C. 519.12(H), to certify a facially valid petition to the BOE.

{¶29} Caselaw and legal authority also demonstrate appellee does not have a duty to complete a facial review of the requirements contained in R.C. 3501.38. The Supreme Court of Ohio has held, "the board of township trustees exercises a limited

authority under R.C. 519.12(H) to determine whether a township zoning referendum petition is valid on its face, but it does not inquire into questions not evident on the face of the petition." *State ex rel. Stoll v. Logan Cty. Bd. of Elections*, 2008-Ohio-333. In order to certify a petition pursuant to R.C. 519.12(H), a board of township trustees must initiate a "formal action" that "would satisfy the requirements of a legally valid meeting." *Id.* There is no dispute in this case that appellee initiated a "formal action" at a "legally valid meeting." While certifying a petition does require some formal action, the "use of the word 'certify' will not satisfy . . . any legal requirements." *State ex rel. Beckstedt v. Eyrich*, 120 Ohio App. 338, 344 (1st Dist. 1963).

{¶30} In the Supreme Court of Ohio's *Stoll* opinion, in which it found the board of township trustees exercises only a limited authority under R.C. 519.12(H) to determine if a township zoning referendum petition is valid on its face and cannot inquire about questions not evident on the face of the petition, the Supreme Court cited to a 1971 Ohio Attorney General Opinion in support of its decision. *Stoll*, 2008-Ohio-333. The Attorney General cited R.C. 519.12(H) and found, "a board of township trustees has a duty to determine whether petitions requesting a referendum on the zoning amendment filed with the board are valid on their face for presentation to the board of elections, but does not have the power to inquire into other matters respecting said petitions." 1971 Ohio Atty.Gen.Ops. No. 71-052. The Attorney General described the discretion a township trustee has in the performance of his or her duty pursuant to R.C. 519.12(H) as "ministerial only" and "not judicial." *Id.*

{¶31} Trustees may not exceed their authority "by inquiring into matters not evident from the face of the petition." *Hunter v. Britten*, 2009-Ohio-663 (6th Dist.). A

trustee can only be excused from the two-week mandate to certify to the BOE if the petition is facially defective. *Id.* If a trustee exceeds his or her authority by reaching beyond the facial validity of the petition, they cannot be excused from their legal duty to certify the petition to the BOE. *Id.* Requirements that have been held *not* to be facial determinations include: whether a petition did or did not include a place for signers to designate their precinct as required by R.C. 519.12(H); whether a petition had an accurate description of annexation conditions; and whether a petition contained accurate acreage for the property to be rezoned. *Id.* Conversely, whether a map was attached to the petition has been held to be a matter of facial validity. *Id.* While appellee has a duty to certify a petition to the BOE if it is facially valid, there is no corresponding "duty not to certify" found either in R.C. 519.12(H) or relevant case law.

{¶32} Appellants do not cite any case or authority specifically imposing a duty upon a township board of trustees to conduct a facial review of the requirements contained in R.C. 3501.38. The case appellants cite in support of their argument is a case out of the Mahoning County Common Pleas Court from 1925. *State ex rel. v. Lemon*, 26 Ohio N.P. (C.P. 1925). A common pleas court decision is not binding on this Court. *Beaver v. Licking Valley Local School Dist. Bd. of Edn.*, 2015-Ohio-4557 (5th Dist.). Further, a Supreme Court of Ohio case later citing *Lemon* does not lend support to appellants' argument, as the Court cites *Lemon* for the proposition that the "scope of authority of the city clerk [is] limited to ministerial determination in reviewing sufficiency of [a] municipal referendum petition." *Morris v. Macedonia City Council*, 71 Ohio St.3d 52, 55 (1994). Finally, this case lacks persuasive value because it was decided prior to the enactment of both R.C. 3105.38 and R.C. 519.12(H).

**{¶33}** We agree with the trial court that appellee's "certification" of the petition pursuant to R.C. 519.12(H) is not a representation that the petition complies with the mandatory requirements contained in R.C. 3501.38. Further, there is no duty upon appellee, for purposes of a fraud analysis, to "not certify" the petition if it fails to meet the requirements of R.C. 3501.38. Accordingly, appellants fail to show that appellee made a representation or was silent when it had a duty to disclose, which is the first requirement necessary for a fraud claim. Appellants' claim for fraud fails as a matter of law, and the trial court did not commit error in dismissing the fraud claim.

*Declaratory Judgment Claims*

**{¶34}** The essential elements for declaratory relief are: (1) a real controversy exists between the parties; (2) the controversy is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties. *Autumn Care Ctr., Inc. v. Todd*, 2014-Ohio-5235 (5th Dist.).

**{¶35}** Appellants assert the trial court committed error in dismissing their declaratory judgment action to "declare the actions of appellee fraudulent." Appellants make the same argument that is contained in the fraud section of their appellate brief. As detailed above, appellee did not make any representation or omit any facts it had a duty to disclose by certifying the petition. Accordingly, appellants have not pled a justiciable claim for declaratory judgment in that regard.

**{¶36}** The remainder of appellants' declaratory judgment claim is that they seek a declaratory judgment "to determine the rights and duties of the parties under Ohio law," and "to declare the rights and responsibilities of appellants and appellee under the law of Ohio relating to zoning amendments, referendum, and certification of referendum

petitions."  However, in their complaint, appellants do not allege any additional facts to indicate any other controversy exists beyond that discussed., i.e., the fraud claim and the requirements of 519.12(H) and R.C. 3501.38.  Thus, appellants have not pled a justiciable claim for declaratory judgment, and the trial court did not commit error in granting appellee's motion to dismiss the declaratory judgment claims.

{¶37}  Based on the foregoing, appellants' assignment of error is overruled.  The June 25, 2024, judgment entry of the Delaware County Court of Common Pleas is affirmed.

By Popham, J.,

Baldwin, P.J., and

Montgomery, J., concur